Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner, in a Pre-Trial Order dated 1 October 1993, in Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on 11 February 1992, and in Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on 2 March 1992, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer. Plaintiff's average weekly wage was $231.60, yielding a compensation rate of $154.40.
3. On 13 January 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
4. The medical records concerning plaintiff from Richmond Memorial Hospital Emergency Room are stipulated into evidence.
5. A Richmond Memorial Hospital radiology report of 14 January 1992, is stipulated into evidence.
6. A Richmond Memorial Hospital radiology report of 3 February 1992, is stipulated into evidence.
7. The medical records concerning plaintiff from Sandhills Orthopedic and Spine Clinic, including the medical records from Dr. James E. Rice, are stipulated into evidence.
8. The records concerning plaintiff from Pinehurst Rehabilitation are stipulated into evidence.
9. Correspondence from counsel for the plaintiff to Mr. James L. McRae, dated 1 October 1992, are stipulated into evidence.
10. The records concerning plaintiff from Thomas S. Baldwin, Ph.D., are stipulated into evidence.
11. A GAB Injury and Rehabilitation Reports and records concerning plaintiff are stipulated into evidence.
12. Industrial Commission Form 25R is stipulated into evidence.
13. Industrial Commission Form 28B is stipulated into evidence.
14. Industrial Commission Form 26 is stipulated into evidence.
15. Industrial Commission Form 28 is stipulated into evidence.
16. Industrial Commission Form 21, approved 11 February 1992, is stipulated into evidence.
17. Industrial Commission Form 19 is stipulated into evidence.
18. A letter from Mr. Brookshire to counsel for the plaintiff, dated 18 September 1992, is stipulated into evidence.
19. A letter from Mr. Brookshire to Ms. Powe, dated 8 September 1992, is stipulated into evidence.
20. A memorandum dated 7 October 1992 from Mr. Brookshire, is stipulated into evidence.
21. Industrial Commission Form 22 is stipulated into evidence.
22. An Application for Employment, dated 25 October 1989, is stipulated into evidence.
23. A City of Rockingham, Personnel Action Request, dated 7 August 1978, is stipulated into evidence.
**********
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of James E. Rice, M.D., and Todd Chapman, M.D., are OVERRULED.
**********
Based upon the competent evidence adduced from the record, the Full Commission adopts the deputy commissioner's additional findings of fact as follows:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was a 42 year old man. Plaintiff has completed the seventh grade.
2. Plaintiff's employment history includes construction work as a laborer, cleaning, building crates, picking up limbs and garbage and driving tractors and cutting hay.
3. On 13 January 1992, plaintiff was employed by defendant-employer in Buildings and Grounds. As a part of plaintiff's employment with defendant-employer, plaintiff cut limbs in a cemetery and hooked up a heavy "chipper" to a truck.
4. On 13 January 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in an aggravation of plaintiff's pre-existing degenerative disc disease.
5. As a result of his compensable injury on 13 January 1992, the parties entered into Industrial Commission Form 21, Agreement for Compensation for Disability, which was approved by the Industrial Commission on 11 February 1992.
6. Following plaintiff's compensable injury on 13 January 1992, plaintiff returned to work on 27 January 1992, but again became totally disabled as a result of his compensable injury on 7 February 1992. As a result, the parties entered into Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on 2 March 1992, for undetermined weeks.
7. As a result of his compensable injury on 13 January 1992, plaintiff has been seen and evaluated by Dr. Howell, Dr. James E. Rice and Dr. Todd Chapman.
8. As a result of his compensable injury on 13 January 1992, Dr. Rice performed a diskectomy on plaintiff on 7 April 1992 for a large ruptured disc at the L5-S1 level.
9. As a result of plaintiff's compensable injury by accident on 13 January 1992, resulting aggravation of plaintiff's pre-existing degenerative disc disease and resulting surgery, plaintiff cannot sit for a long time, cannot stand for a long time and cannot twist to put objects into bags.
10. Although plaintiff attempted to return to work picking up litter for defendant-employer on 7 October 1992, as a result of plaintiff's compensable injury by accident on 13 January 1992, resulting aggravation of plaintiff's pre-existing degenerative disc disease and resulting surgery, level of pain and work experience, plaintiff has been incapable of earning wages with defendant-employer or in any other employment since 7 February 1992.
11. As a result of plaintiff's compensable injury by accident on 13 January 1992, plaintiff will require continuing medical care in order to effect a cure, or give relief and lessen plaintiff's period of disability.
**********
Based upon the foregoing findings of fact, the Full Commission makes the following additional findings of fact, the
CONCLUSIONS OF LAW
1. As a result of plaintiff's compensable injury on 13 January 1992, resulting aggravation of plaintiff's pre-existing degenerative disc disease, resulting surgery, level of pain, educational level and work experience, plaintiff is entitled to temporary total disability compensation at the rate of $154.40 per week, from 7 February 1992 and continuing until further order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. Defendant, however, is entitled to a credit for the amount of compensation paid to plaintiff following 7 February 1992. G.S. § 97-29.
2. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on 13 January 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. G.S. § 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the weekly rate of $154.40, beginning 7 February 1992 and continuing until further order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. Defendant, however, is entitled to a credit for the amount of compensation paid to plaintiff following 7 February 1992. Amounts which have accrued, minus the credit, shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 3.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury by accident on 13 January 1992, when bills for the same have been submitted through defendant-carrier to the Industrial Commission, and approved by the Industrial Commission.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant.
4. Defendant shall pay the costs due this Commission.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
BSB:md